UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
MATTHEW L. ELSMORE
individually and on behalf of
any and all similarly situated consumers

                Plaintiff,

     -against-

COMMERCIAL RECOVERY SYSTEMS, INC.

                Defendant.
---------------------------------------------------------

**CLASS ACTION COMPLAINT**

CV 11 1254

LINDSAY, M.

Plaintiff, by and through his attorney, Adam J. Fishbein, as and for his complaint alleges as follows:

### INTRODUCTION

0.1    This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### PARTIES

0.2    Plaintiff is a natural person residing in Suffolk County, New York.

0.3    Upon information and belief, defendant is a collection agency which is a corporation and which is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Dallas, Texas.

### JURISDICTION

0.4    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.

### AS AND FOR A FIRST CAUSE OF ACTION

1.1    Plaintiff realleges paragraphs 0.1 through 0.4 as if fully restated herein.

1.2   That a personal debt was allegedly incurred by the plaintiff to Hyundai Motor Finance Company.

1.3   That at a time unknown to the plaintiff herein, the aforementioned debt was referred to the defendant for collection.

1.4   The defendant sent a letter to the plaintiff an initial letter dated concerning one debt on December 6, 2010.

1.5   Said letters state in part as follows: "If this debt is not a valid debt of yours or if the account is included in a bankruptcy proceeding, then this notice, and all future notices, are null and void and you should notify us in writing."

1.6   Said language contradicts the consumer's right to dispute the debt orally.

1.7   Said language instructs the consumer to notify the defendant in writing if the debt is disputed.

1.8   The above quoted language also confuses the consumer where if the debt is not valid, then the notice is null and void.

1.9   This cause of action is brought on behalf of plaintiff and the members of a class.

1.10  The class consists of consumers who received the same form letter, as did the plaintiff.

1.11  The Class consists of all persons whom Defendant's records reflect resided in New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about December 6, 2010 sent within one year prior to the of the filing of the complaint up to the date of the filing of the complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692g and 1692e(10).

1.12  Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant and who spoke with a dishonest collector.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

1.13   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.  Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting

in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

1.14   If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

1.15   Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

1.16   Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a)   Defendant violated 15 U.S.C. § 1692g by contradicting the plaintiff's right to dispute the debt for the initial thirty day period.

   (b)   Defendant violated 15 U.S.C. § 1692e(10) by engaging in deceptive representations.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

   (a)   Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

   (b)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (c)   For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
March 14, 2011

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516

                Telephone (516) 791-4400
                Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

*[signature]*

Adam J. Fishbein (AF-9508)

8035 East R.L. Thornton
Suite 220
Dallas, TX 75228-7005
Address Service Requested

# Urgent Communication

December 6, 2010

#0515 7600 1721 2157#

Matthew L Elsmore           2927313
1340 7th St
West Babylon, NY 11704-4250

***COMMERCIAL RECOVERY SYSTEMS, INC.***
8035 East R.L. Thornton, Suite 220
P.O. Box 570909
Dallas, TX 75357-0909
(800) 214-7801
(214) 321-7800
Hours:   M - F 8am-5pm, CST

### ACCOUNT IDENTIFICATION
RE: Hyundai Motor Finance Co
Account #
Balance Owing          : $9648.10

Your account, as detailed above, has been assigned to COMMERCIAL RECOVERY SYSTEMS for collection. I suggest that you consult with your attorney about what the laws in your state will allow our client to do to recover the monies owed to it and the further consequences of nonpayment.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Important information is found on the back of this notice.

If this debt is not a valid debt of yours or if the account is included in a bankruptcy proceeding, then this notice, and all future notices, are null and void and you should notify us in writing.

*Ben Wright 1-800-214-7816*

To credit your account properly, you must include your account # on all checks and correspondence.

This communication is from a debt collector.
This is an attempt to collect a debt. Any information obtained will be used for this purpose.

------------------------------------------------Detach and Return with Payment------------------------------------------------

Return this portion of the notice with your payment to expedite credit to your account.

| Account #: | 2927313 | Client #: | Hmf1024 | Balance Due: | $9648.10 | Amount Enclosed: | $ |

Enter the requested information in the spaces provided below:

From: Matthew L Elsmore                                    Employer:_____

Change of Address:_____                  Address:_____

City, State, Zip:_____                   City, State, Zip:_____

Telephone:_____                          Telephone:_____ Ext:____

2927313-20

COMMERCIAL RECOVERY SYSTEMS, INC.
P.O. Box 570909
Dallas, TX 75357-0909

PD1 000467P 1 407 000293 341 051576 S-CRE